**Dated: December 12, 2016**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

HARVEY CHARLES FOX, JR.                    Case No. 16-80658-TRC
                                           Chapter 13

                    Debtor.

### ORDER APPROVING AMENDED DISCLOSURE OF COMPENSATION

Before the Court is the Amended Disclosure of Compensation of Attorney for Debtor filed by Greggory T. Colpitts (Docket Entry 14) and the Response filed by Trustee William Mark Bonney (Docket Entry 38). The Court set the Amended Disclosure Statement upon its own motion and held an evidentiary hearing on October 20, 2016. Having reviewed the evidence presented and researched the issue of attorney fees and presumptive "no look" fees in chapter 13 cases, the Court determines that Mr. Colpitts' Amended Disclosure of Compensation should be approved, and the Court shall increase the presumptive fee for chapter 13 cases filed in this district from $3,750 to $4,750 for cases filed beginning January 1, 2017, subject to the conditions outlined herein.

**Background**

Debtor filed this case on June 28, 2016. Included with the petition and schedules was Colpitts' Disclosure of Compensation of Attorney for Debtor(s) (B2030). The attorney fee charged was $4,800, which included $800 paid before filing, and a balance due of $4,000. As with most attorneys, the fee charged did not include certain legal services:

> 7. By agreement with the debtor(s), the above-disclosed fee does not include the following service: Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary or contested matter proceeding. In Chapter 13 Bankruptcy Cases, attorney time, legal assistant time, and expenses will be billed against the file at the rate of $300.00 per hour for attorney time, $65.00 per hour for legal assistant time (or the firm's current billing rates), and actual expenses. If such time and expenses exceed the amount stated above, an application to the Court may be made for additional fees and expenses to be paid through the Chapter 13 Plan or by the Debtor(s) as the Court orders may provide.

Because the $4,800 fee was over this district's presumptive, "no look" fee of $3,750 for an individual or small business chapter 13 case, the Clerk directed Colpitts to file an amended disclosure statement reducing the fee to $3,750, or to file a fee application for fees over the presumptive amount with supporting documentation. (Docket Enty 8). In response, Colpitts filed an Amended Disclosure Statement which included the following statement:

> The amount stated above for "Balance Due" is an estimate and represents the amount to be reserved by the Chapter 13 Trustee for payment of attorney's fees and costs upon Court approval. Within 14 days following confirmation of the Chapter 13 Plan, counsel for the Debtor will file an application for attorney's fees. Only those fees and costs approved by the Court will be disbursed by the Chapter 13 Trustee to counsel for the Debtors. Any order granting attorney's fees and costs will supersede the amount stated under paragraph 1 above.

The Court held an initial hearing on the Amended Disclosure Statement and informed the Trustee and Colpitts that it wished to hold a subsequent hearing to consider increasing the presumptive fee allowed for this district. The Trustee and Colpitts prepared materials to present to the Court at the October hearing. The Trustee also filed a response suggesting that the current

presumptive fee should be increased to $5,250, taking into account the rate of inflation over the last ten years and a survey of districts' presumptive fees. However, he cautioned that setting the fee at $5,250 would likely encourage attorneys without bankruptcy experience to begin to file chapter 13 cases, thus increasing the workload of the Trustee's Office and the Bankruptcy Court. He also cautioned that there is a wide range of skill and performance among attorneys currently practicing before this Court. Some provide quality services efficiently and effectively, while others require substantial assistance and are unresponsive to their clients. A presumptive fee fails to recognize and reward the differences in quality of work provided by chapter 13 attorneys.

At the hearing, Colpitts, the Trustee and attorney Jeff Herrick offered testimony and information regarding typical practices of attorneys who regularly file chapter 13 cases in this district. Colpitts has 22 years' experience as a practicing attorney, focusing primarily on bankruptcy cases. He is the current state chair of the National Association of Consumer Bankruptcy Attorneys ("NACBA") and is well-versed in the subject of chapter 13 attorney fees. He is board certified in consumer bankruptcy by the American Board of Certification. In addition to his law degree, he has an L.L.M. in tax. Colpitts offered two exhibits to support his request for $4,800 in this case and as aids to the Court. Exhibit 1 was a table of no look fees by bankruptcy district obtained through the NACBA. The list includes over 80 bankruptcy court districts. The average of all no look fees reported is $3,311, and the median is $3,450. The highest reported fee is $5,050, and the lowest reported fee is $1,625 for cases in which plan payments total less than $10,000.[1]

Exhibit 2 was a table of attorney's fees and costs derived from Colpitts' practice. He selected similar, average cases from the Northern District and the Eastern District to determine

---

[1] In Las Vegas, Nevada, attorneys may be allowed up to $6,000 as a presumptive fee.

whether there are differences in fees charged through confirmation based upon the district. He concluded that an average case filed in either district requires the same amount of time despite the different procedures in each district. His study reflected that the average time expended through confirmation is approximately 19 hours of attorney time and 8.5 hours of administrative assistant time. At his current billing rate of $300 per hour and assistant time at $70 per hour, an average case of 19 hours would incur $6,295 in attorney fees through confirmation. Colpitts does not bill for travel time to court and he often voluntarily discounts the amount requested, particularly where the estate does not generate sufficient funds to pay the total billed. He requires an $800 retainer. Colpitts believes that most of his time is spent on dealing with client issues, regardless of the district where the case is filed. Because of his experience and practice structure, he believes he expends fewer hours through confirmation than many attorneys. He is not an advocate for a no look fee since it does not differentiate between skilled, experienced practitioners and inexperienced ones. His practice is to always file a fee application in the Northern District where the presumptive fee is $3,500, and he is almost always awarded more than $3,500. He is adopting that same practice in the Eastern District since he believes the presumptive fee is too low. And, he prefers to bill hourly rather than accept a presumptive fee because clients can see what services the attorney performs and the time spent on their case. Based upon his experience, the amount of attorney fees rarely discourages a client from filing a chapter 13 case since they can pay the fees out through the plan. He recommended that the Court increase the presumptive fee and adopt a tiered fee structure that awards fees on the basis of an attorney's experience. He believes that many cases that should be filed under chapter 13 are "shoe-horned" into a chapter 7 because the fee for a 13 is too low to reasonably compensate an attorney for the amount of work required.

Trustee Mark Bonney testified that his office conducted a review of attorney fees in this district and independently arrived at the same conclusion as Colpitts: the presumptive fee of $3,750 is too low. The Trustee observed that the number of cases filed over the past three years has dropped dramatically. Also, a greater percentage of cases are being dismissed due to debtors' loss of employment. He believes similar jurisdictions in rural areas have no look fees of $5,000, based upon his survey of fees. He is aware that this district's debtors are often poor and not well-educated, and require large amounts of attorney time and assistance if they are to be successful in a chapter 13. The average retainer charged in this district is $1,500 to $1,700, exclusive of the filing fee. The Trustee agreed with Colpitts that inexperienced attorneys should not be awarded the same amount as experienced ones. However, he assured the Court that his office works very hard to assist new attorneys and occasional filers in following procedures and getting cases confirmed. He believes attorney assistance is critical to success in a chapter 13. In his 25 years as a trustee, only one pro se debtor has successfully completed a 60 month plan. Should this Court increase the presumptive fee, the Trustee promised that he will continue to diligently monitor each attorney's performance and will file objections to an award of fees to attorneys who do not meet the high standards of the Court.

Jeff Herrick testified that he has 23 years' experience practicing in this area. Due to the decrease in bankruptcy filings and the current fee, he has shifted the focus of his practice from bankruptcy to a general practice including divorce cases and criminal cases. He charges $350 an hour in those cases and he collects that amount. Herrick prefers a no look, presumptive fee. He charges a $1,700 retainer for a chapter 13 case. He believes that the current fee should be increased, and that it should include time spent through confirmation plus any work needed within

one year thereafter. Any additional work should be compensated pursuant to a separate fee application.

The Court also solicited information regarding no look fees from Keith Lundin, retired bankruptcy judge from the Middle District of Tennessee, co-author of Chapter 13 Bankruptcy, 4th Edition, and co-host of Chapter 13 Online website. Judge Lundin provided an updated version of Colpitt's exhibit. Information was collected from 92 chapter 13 trustees, roughly half of all chapter 13 trustees. Of the 92 trustees participating, the average of the no look fees is $3,311, the median is $3,450, the highest is $5,050, and the lowest is $1,625 for a case in which plan payments are less than $10,000.

**Analysis**

A presumptive, no look fee is the maximum amount of fees an attorney may be paid without submitting a detailed fee application with supporting time records. It should cover routine legal services from preparation and filing of the case through confirmation, and should include one post-confirmation modification.[2] The current presumptive fee was set at $3,750 effective August 15, 2006. *See In re Mullings,* Case No. 06-80164, Order of July 26, 2006, Docket Entry 54. ("Mullings Order"). Factors the Court considered in setting the presumptive fee in 2006 were inflation, cost of living, and the substantial increase in workload and responsibilities for debtors' attorneys created by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). The Court believed that BAPCPA's requirements discouraged attorneys from filing chapter 13 cases and increased the number of persons trying to proceed *pro se*, thus limiting access to courts by those who needed it most. After more than ten years of administering cases under BAPCPA, the Court's experience confirms those beliefs. Attorneys must spend a substantial

---

[2] *See In re Salyer*, Case No. 07-80195, Order of May 5, 2009, Docket Entry 79.

amount of time to prepare a case for filing and confirm a plan. Debtors must have good legal counsel if they are to successfully complete a chapter 13 and receive a discharge.

Having considered the arguments and information presented here, the Court still believes that a presumptive fee is the best choice for this district. Although Colpitts and the Trustee recommend a tiered fee structure based upon experience and qualifications, the Court believes it would be difficult to assess and assign attorneys to each tier, and would be difficult to implement and administer. One of the advantages of a presumptive fee is that it conserves judicial resources. A tiered approach would not yield that benefit. Thus, the Court is not inclined to adopt a tiered system.

The Court recognizes that the current presumptive fee should be increased. In setting a new rate, the Court desires to set it high enough to fairly compensate attorneys for a reasonable amount of time required to prepare and file a chapter 13 case, confirm a plan, and provide one post-confirmation modification. The Court also recognizes that most of the attorneys who regularly practice in this district average 15 years or more of experience. Attorneys submitting fee applications to this Court in other matters routinely charge over $300 an hour; some charge $425 an hour. However, the Court must balance its goal to reasonably compensate attorneys with a debtor's ability to pay and right to expect to be charged a fair fee.

The Court has reviewed the information provided regarding no look fees in other districts. Many districts set a baseline fee with numerous conditions attached. Some impose continuing education requirements before an attorney may charge the no look fee, some allow different fees based on whether the debtor is below median or above median; some utilize a multiplier of the plan payment; and some allow additional fees for services that other districts require to be performed if charging the no look fee. What is clear from these surveys is that there is no

consensus regarding the amount of a no look fee nor the services debtors' counsel should be required to provide in order to collect the no look fee. Therefore, the Court believes that it is in the best position to determine the fee for this district.

The Court finds that the presumptive fee for this district should be increased to $4,750. The Court is persuaded by Colpitts' research suggesting that an average case requires approximately19 hours of attorney time through confirmation. The Court is also persuaded by the Trustee's survey suggesting that a fee of $5,250 would be consistent with other districts. The Court believes an increase of $1,000 from the fee set ten years ago strikes the proper balance between reasonable compensation of attorneys at current rates and our debtors' ability to pay.

Attorneys must still keep contemporaneous time records identifying work performed. The presumptive fee is not a minimum fee that will be awarded in all chapter 13 cases. The Court will consider reducing fees below the presumptive amount if an attorney's work does not meet the high standards of the Court. Attorneys may submit fee applications with supporting time records if they believe a case justifies a higher fee than the presumptive rate.

The Court also advises attorneys who file chapter 13 cases in this district that the payment of their fees is not guaranteed. As the Trustee and Colpitts have suggested, many of our chapter 13 debtors do not generate sufficient funds to pay the total fees billed in the case. Clients filing bankruptcy are unlike corporate clients who can be expected to pay attorney fees in full. Chapter 13 is not a perfect world. In some cases, payment of less than the presumptive fee can be expected.

Colpitts' Amended Disclosure Statement estimates that total fees to be paid in this case will be $4,800, and that he will file a fee application after confirmation. The Court approves his estimate as the amount to be reserved by the Trustee for payment of attorney's fees and costs. The Court will make a final determination of his attorney fee in this case after confirmation.

**Conclusion**

Effective January 1, 2017, the presumptive, no look fee for individual or small business cases filed under Chapter 13 of the Bankruptcy Code shall be $4,750. The Court will enter a General Order setting this fee.

The Court approves the Amended Disclosure of Compensation (Docket Entry 14) and will make a final determination of fees to be paid through the plan after confirmation.

IT IS SO ORDERED.

###